FILED

2008 Apr-23  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **RHONDA WRIGHT and PATRICK WRIGHT,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **Case No.:  1:08-CV-449-VEH** ) |
| **ALLSTATE INSURANCE COMPANY,** | ) ) ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

## I.      INTRODUCTION

Plaintiffs Rhonda Wright and her husband, Patrick Wright, (collectively the "Wrights"), originally filed this insurance coverage case in the Circuit Court of Marshall County, Alabama, on December 26, 2007.   (Doc. #1 at Compl. at 1). Defendant Allstate Insurance Company ("Allstate") removed this litigation to this court on March 12, 2008, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction.  (Doc. #1 ¶ 10).  Because the court *sua sponte* concludes that it lacks subject matter jurisdiction on the grounds of diversity, the case is due to be remanded to the Circuit Court of Marshall County.

## II.   SUBJECT MATTER JURISDICTION

### A.   General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the limited exception of civil rights cases that have been removed - orders of remand by district courts are insulated from review. Section 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d); *see also Kirchner v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (holding that "where the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the

legal error in ordering the remand.") (citing *Briscoe v. Bell*, 432 U.S. 404, 413-14 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.    Diversity Jurisdiction

Allstate premises its removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiffs and the defendants; and (2) satisfaction of the amount in controversy requirement.

### 1.    Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d

4

1365, 1367 (11th Cir. 1994).  In its notice of removal, Allstate has effectively met the diversity of citizenship requirement based upon the Wrights' stated residency in Marshall County, Alabama (*see* Doc. #1 at Compl. ¶ 1) and its own citizenship (*i.e.*, both its place of incorporation and its principal place of business) in the State of Illinois.  (Doc. #1 ¶ 4).

### 2.    Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is $75,000.  28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007),

*petition for cert. filed*, 76 U.S.L.W. 3540, 2008 WL 905194, (U.S. Apr. 1, 2008) (No. 07-1246).[1]  In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery*, 483 F.3d at 1211.  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the notice of removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in controversy requirement.  In its notice of removal, Allstate unpersuasively maintains that even though Plaintiffs have failed to assert any specific monetary amounts and have similarly omitted any helpful description of their rental property that "was destroyed by fire" (*see* Doc. #1 at Compl. ¶ 7) or substantiation of any other damage that they suffered relating to that fire, the amount in controversy of $75,000.00 is

---

[1]As noted in the Westlaw case history on *Lowery*, the request for a rehearing and a rehearing en banc were denied by the Eleventh Circuit on January 3, 2008. Further as the citation indicates, a petition for certiorari was filed with the United States Supreme Court on April 1, 2008.

"unambiguously" met.  (Doc. #1 ¶ 9).

While Allstate cites to several reported jury verdicts on bad faith (*see* Doc. #1 ¶ 12), *Lowery* makes it clear that this court should only consider those documents "received by" Allstate from the Wrights in assessing satisfaction of the amount in controversy requirement.  *Id.*, 483 F.3d at 1211.  Moreover, even if a removing party's reliance upon evidence of comparable jury verdicts to support the amount in controversy requirement survives *Lowery*,[2] Allstate fails to indicate which, if any, of those jury decisions arise out of Marshall County[3] and/or involve facts and injuries similar to the Wrights' circumstances.  Furthermore, because the Wrights have not described their injuries with any detail in their complaint,[4] there is no underlying

_____

[2]This court has concluded that any documentation other than what a removing defendant actually receives from a plaintiff is inappropriate information from which to unambiguously establish amount in controversy under *Lowery*.

[3]The court's research shows that none of the reported verdicts was reached in Marshall County.  Instead, they originated from the Counties of Jefferson, Mobile, and Bullock, respectively.  Moreover, the court notes that the most recently reported Alabama Supreme Court case relied upon by Allstate was decided over fifteen (15) years ago, which necessarily means that the evidence of comparable jury verdicts as reported therein is even older.  Therefore, even if all these verdicts had been decided in Marshall County, their dated status, especially in the absence of more recent data on bad faith verdicts, still would make them unhelpful to the court's jurisdictional inquiry.

[4]The court notes that a while greater level of detail (*i.e.*, including placing estimated values on repair costs ($59,500.00) and lost rental income ($4,800.00)) relating to the Wrights' damages is provided in Plaintiffs' counsel's settlement

basis for Allstate (or this court) to determine that the verdicts relied upon by Allstate are fairly representative of the value of the Wrights' case.

Additionally, this case involves two (2) plaintiffs. Multiple plaintiffs' damages typically cannot be aggregated to create the amount in controversy unless the lawsuit arises under the Class Action Fairness Act ("CAFA").[5],[6]  *See Smith*, 236 F.3d at 1300

---

demand letter dated November 20, 2007, the correspondence is still deficient in evidencing the requisite amount in controversy due to the application of the anti-aggregation rule explained more fully below.  Moreover, even if the aggregation rule were to apply, the delineated damages considered in total (*i.e.*, $64,300.00) still do not exceed the $75,000.00 jurisdictional benchmark.

[5]"Subject to certain limitations, the CAFA confers federal diversity jurisdiction over class actions where the aggregate amount in controversy exceeds $5 million." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005).

[6]The court further notes that Allstate does not maintain that the common and undivided interest rule (as explained by the United States Supreme Court in *Zahn v. International Paper Co.*, 414 U.S. 291, 295 (1973), *abrogated by statute on other grounds as stated in Exxon Mobil*, 545 U.S. at 566-67 ("It follows from this conclusion that the threshold requirement of § 1367(a) is satisfied in cases, like those now before us, where some, but not all, of the plaintiffs in a diversity action allege a sufficient amount in controversy.  We hold that § 1367 by its plain text overruled *Clark* and *Zahn* and authorized supplemental jurisdiction over all claims by diverse parties arising out of the same Article III case or controversy, subject only to enumerated exceptions not applicable in the cases now before us.")), applies to this case, much less indicate the face value of insurance policy at issue as unambiguous evidence satisfying the amount in controversy requirement.  *See, e.g., Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 780 (5th Cir. 1963) ("To aggregate claims of several plaintiffs the plaintiffs must have a 'common and undivided interest,' though it may be separable as between themselves."); *id.* at 782 ("None of the singular claims of the children met the jurisdictional amount in controversy requirements, but the sum of their claims exceeded it, and also exceeded the total liability for which the insurance

n.6 ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity jurisdiction."); *see also Zahn*, 414 U.S. at 295 ("The rule has been applied to forbid aggregation of claims where none of the claimants satisfies the jurisdictional amount, as was the case in *Scott v. Frazier*, 253 U.S. 243, 244, 40 S. Ct. 503, 64 L. Ed. 883 (1920), for example, where the Court stated the rule to be that 'the amount in controversy must equal the jurisdictional sum as to each complainant.'"), *abrogated by statute on other grounds as explained in n.6, supra*.

This same anti-aggregation rule applies to Allstate's reliance upon the affidavit of Doug Kendrick, Esq. ("Kendrick") and the related settlement demand of $100,000.00, dated November 20, 2007, from Plaintiffs' counsel included in its notice of removal. (*See generally* Doc. #1 at Ex. B). Nowhere in Kendrick's affidavit nor in

---

company was responsible.  Aggregation of the claims was allowed.") (analyzing holding allowing for aggregation of claims in *Manufacturer's Casualty Ins. Co. v. Coker*, 219 F.2d 631 (4th Cir. 1955)); *cf. Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1354 (11th Cir. 2005) ("Also, like this case, the plaintiffs were not seeking the face amount of the policy, but rather were seeking a different amount."); *Morrison*, 228 F.3d at 1263 ("'Plaintiffs in paradigm 'common fund' cases assert claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which they claim as common owners or in which they share a common interest arising under a single title or right.'") (quoting *Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1424 (2d Cir. 1997)); *Friedman*, 410 F.3d at 1353-54 (same).

the settlement demand, is there any unambiguous evidence from which the court may conclude that either the value of Ms. Wright's or Mr. Wright's claim is in excess of the jurisdictional minimum. (*Id.*).

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15; *see also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case.").[7]  "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction." *Belkin v.*

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'"))).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery*, 483 F.3d at 1211. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215. Accordingly, Allstate has not satisfied its preponderance of evidence standard by unambiguously establishing the amount in controversy as mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this reason.

## III.   CONCLUSION

Therefore, due to a want in the requisite amount in controversy, the court lacks subject matter jurisdiction under § 1332, and the case is due to be remanded *sua sponte*. Accordingly, an order will be entered remanding the case to the Circuit Court of Marshall County.

**DONE** and **ORDERED** this the 23rd day of April, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge